## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISON

NOVELLA PROFF,

     **Plaintiff,**

vs.                              **CASE NO.:**

PERFORMANT RECOVERY, INC.,

     **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, NOVELLA PROFF, by and through undersigned counsel, hereby sues the Defendant. PERFORMANT RECOVERY, INC. ("PRI" or "the Defendant"), and in support thereof respectfully, alleges the following:

1.    Plaintiff has suffered for years from debilitating medical issues that have resulted, predictably, in medical bills. Defendant PRI, a medical debt collector, failed to follow the laws in place and instead has continued to harass Plaintiff, her family, and even her neighbors in its quest to collect on an unavoidable debt in violation of established federal and state laws.

2.    The action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Federal Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

3.    This Court has jurisdiction over the Plaintiff's claims pursuant to 15 U.S.C. § 1692k.

4.    Further, subject matter jurisdiction, federal question jurisdiction, and venue for purposes

1

of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

5.   The state claims under the FCCPA are conferred supplemental jurisdiction pursuant to 28 U.S. Code § 1367(a), as they arose from the same actions by Defendant in this case and are related to Plaintiff's FDCPA claims.

6.   Venue is proper in this District because the Plaintiff resides in this District (Duval County), the communications were received in this District and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

7.   Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides in this District.

8.   Plaintiff NOVELLA PROFF is a "consumer" as defined in Fla. Stat. § 559.55(2).

9.   Plaintiff NOVELLA PROFF is an "alleged debtor."

10.  Defendant PRI is a creditor operating from Livermore, CA and is a "creditor" as that term is defined by Section 559.55(5).

11.  Defendant PRI operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). Defendant does business in Florida and in this district, collecting debts.

12.  The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida, by the Defendant's improper attempts to collect on a debt in Duval County, Florida by coercion of the Plaintiff.

13.  Plaintiff has a history of medical problems, suffering from and being treated for multiple

illnesses. As a result of these issues, she has been placed on disability and still has medical debts she has been trying to pay off.

14. Upon information and belief, following Plaintiff's medical treatment, a medical bill debt was transferred to Defendant PRI for collections.

15. Plaintiff is an "alleged debtor."

16. Plaintiff is a "called party."  See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

17. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(6).  Defendant sought to collect a debt from Plaintiff.

18. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(1).

19. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, in Duval County, Florida, by the Defendant's placing of illegal calls to Duval County, Florida.

20. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calls to Plaintiff's Cell Phone at XXX-450-0000, Plaintiff's *across-the-street neighbor*, and Plaintiff's family.

21. Defendant called this number multiple times, despite *clear* requests from the Plaintiff to stop calling, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

22. Upon information and belief, and with the understanding that most of the numbers called did not even belong to the debtor on the subject account, some or all of the calls the Defendant made to Plaintiff's cellular telephone numbers were made using an "automatic

telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C.§ 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that there was a pause before a live person came on the line.

23. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number and work numbers was done after she had revoked consent *multiple times* and without the "prior expressed consent" of the Plaintiff.

24. Plaintiff NOVELLA PROFF is the regular user and carrier of the cellular telephone number XXX-450-0000, and was a called party and recipient of Defendant's autodialer calls.

25. Defendant used an autodialer and called Plaintiff on multiple times on her cell phone after revocation for an extended period of time, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

26. The autodialer calls from Defendant came from multiple telephone numbers.

27. On May 11 2018, Plaintiff individually told a representative from Defendant that she revoked consent or told Defendant to stop calling her.

28. Since then, Plaintiff has told representatives from Defendant to stop calling her multiple times but the calls have continued.

29. Plaintiff received *daily* calls to her cell phone, seven days a week, for several months until the end of 2018. These calls total to over ***100 robo-calls.***

30. Defendant PRI also called Plaintiff's daughters Amanda Proff (XXX-476-7662), Jasmine Proff (XXX-802-1415), and Stephanie Proff (XXX-245-9162) multiple times without consent and without reason to contact them.

31.  Also, Defendant PRI called Plaintiff's neighbor Linda to attempt to collect on Plaintiff's medical debt. Plaintiff's neighbor had absolutely *no connection whatsoever* to Plaintiff's personal medical debts.

32.  Upon information and belief, Defendant PRI utilized the phone number **541-954-7800**, among others, to contact Plaintiff, Plaintiff's daughters, and Plaintiff's neighbor.

33.  Despite Plaintiff instructing the Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone kept occurring.

34.  Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond, when Plaintiff first advised Defendant to stop calling her.

35.  Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individuals, like Plaintiff, advising Defendant to stop calling.

36.  Defendant's corporate policy provided no means for the Plaintiff's cellular number, or the numbers of her family members of neighbors, removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff and her friends and family members.

37.  Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop. This harassment and abuse is particularly heinous when the debts are due to medical issues – medical issues that are *completely unavoidable*.

38.  Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

39.  Due to Defendant's constant autodialer calls and demands for payment, Plaintiff has

suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

40. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Sections 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

41. At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

42. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third party vendors and insurers.

43. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendant.

**COUNT I**
**Violation of the FCCPA**
**(PRI)**

44. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

45. At all times relevant to this action, Defendant is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

46. Defendant PRI has done the following:

   a. contacted Plaintiff multiple times in order to abuse and harass her;

   b. contacted Plaintiff's family members multiple times on a debt that they had no connection to in order to abuse and harass; and

c. contact Plaintiff's neighbor who had no knowledge nor any right to know of Plaintiff's private medical debt.

47. All the above actions are in gross contravention of the Florida Consumer Collections Practices Act (FCCPA) and against common decency.

48. Pursuant to the FCCPA, Defendant PRI violated the following:

a. "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist," Fla. Stat. § 559.72(9);

b. "Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7);

49. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationships, as well as with other family members.

50. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy in regard to her personal medical debt.

51. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages (up to $1000.00), and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77.

52.     Additionally, § 559.77 provides a court may award punitive damages as well as equitable

relief to Plaintiff such as enjoining further illegal collection activity.

**WHEREFORE**, Plaintiff, NOVELLA PROFF, respectfully demands a trial by jury on all

issues so triable and judgment against Defendant, PERFORMANT RECOVERY, INC., for

statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from

further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## Violation of the FDCPA
## (PRI)

53.     Plaintiff NOVELLA PROFF incorporates by reference paragraphs one (1) through forty-

three (43) of this Complaint as though fully stated herein.

54.     The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act

(FDCPA).  § 15 USC 1692 803(6). The term "debt collector" means any person who uses

any instrumentality of interstate commerce or the mails in any business the principal

purpose of which is the collection of any debts, or who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

55.     The foregoing acts and omissions of Defendant and its agents constitute numerous and

multiple violations of the FDCPA including, but not limited to:

    a.   15 U.S.C. § 1692d (Any conduct the natural consequence of which is to harass, oppress,

        or abuse any person);  and

    b.   15 U.S.C. § 1692d(5) (Causing a telephone to ring or engaging any person in telephone

        conversation repeatedly or continuously with intent to annoy, abuse, or harass any

        person at the called number).

56.  As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, including emotional damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff NOVELLA PROFF respectfully demands judgment against Defendant, PERFORMANT RECOVERY, INC. for statutory damages, actual damages, punitive damages, costs, fees, interest, and any other such relief the court may deem just and proper.

## COUNT III
### Violation of the TCPA
### (PRI)

57.  Plaintiff NOVELLA PROFF incorporates by reference paragraphs one (1) through forty-three (43) of this Complaint as though fully stated herein.

58.  The TCPA was enacted to prevent companies like PRI, from invading American citizens' privacy and prevent abusive "robo-calls."

59.  The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *See Mims v. Arrow Fin. Servs.*, *LLC.*, 132 S.Ct. 740, 745 (2012).

60.  "Senator Hollings, the TCPA's sponsor, describes these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." *See Mims* at 752 (*quoting* 137 Cong. Rec. 30, 821 (1991)).  Senator Hollings "presumabl[y] intended to give telephone subscribers another option; telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. Ct. App. 2014).

9

61.    According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet on Consumer Protection Proposal*, FEDERAL COMMUNICATIONS COMMISSION (2016), https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal (last visited Apr 26, 2017).

62.    None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

63.    Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent.

64.    The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on May 11 2018, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her, and told Defendant to stop calling her.

65.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff NOVELLA PROFF respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PERFORMANT RECOVERY, INC., for statutory damages, actual damages, treble damages, punitive damages, costs, interest, and any other such relief the court may deem just and proper.

## **TRIAL BY JURY**

66.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

triable.

Dated this 13th of February, 2019.

**MAX HUNTER STORY, P.A.**

**/s/ Max Story_____**
Max Story, Esquire
Florida Bar No. 0527238
Austin J. Griffin, Esq.
Florida Bar No. 0117740
328 2ND Avenue North
Jacksonville Beach, Florida  32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff